**Ingrid Anggraini RUMAGIT; Jerry Alexander A. Rombot; Alexander Antonius Rombot; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71388.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

Armin Alexander Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioners.

Bryan S. Beier, Esquire, Kurt B. Larson, Esquire, Tim Raminitz, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ingrid Anggraini Rumagit, her husband and two children, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), we deny the petition for review.

Substantial evidence supports the denial of withholding of removal because the harassment Rumagit encountered in Indonesia was insufficient to establish past persecution. *See id.* at 1016–18. Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies in the context of withholding of removal, Rumagit has not demonstrated a clear probability of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Therefore, Rumagit's withholding of removal claim fails.

Substantial evidence supports the denial of CAT relief because Rumagit did not show it is more likely than not that she will be tortured by or with the acquiescence of the Indonesian government. *See Silaya v.*

** This disposition is not appropriate for publication and is not precedent except as provid-

*Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**