**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGRID ANGGRAINI RUMAGIT; et al., | No. 10-70050 |
| Petitioners, | Agency Nos. A096-053-952 |
| | A096-053-953 |
| v. | A096-053-954 |
| | A096-053-955 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Ingrid Anggraini Rumagit and her family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' untimely motion to reopen because they did not establish changed circumstances in Indonesia to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 989-90. Further, we reject petitioners' contention that the BIA's decision was insufficient. *See id.* at 990 (BIA need not "write an exegesis on every contention," just "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted") (internal quotations and citation omitted).

Despite our prior decision, *Rumagit v. Mukasey*, No. 05-71388, 2008 WL 4429530 (9th Cir. Sept. 26, 2008), in which the court applied the disfavored group analysis to Rumagit's withholding of removal claim and rejected it, petitioners also contend their case should be reopened, based on a change in law, for assessment of Rumagit's withholding of removal claim under the disfavored group analysis. We lack jurisdiction to review this contention because petitioners did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**